RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/29/10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 06-60040 |
| VERSUS | JUDGE HAIK |
| JOHN DAVIS | MAGISTRATE JUDGE HANNA |

## REASONS FOR JUDGMENT

**A.    Facts**

Before the Court is Defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on February 25, 2010. The defendant was charged and convicted by a jury of one count of 18 U.S.C. §2251(a)– sexual exploitation of children. Defendant is presently in the custody of the Federal Bureau of Prisons, and is incarcerated at FCI Beaumont (Low), where he is serving a sentence of 200 months imposed by this Court.

The defendant, Dr. John Davis, appealed his conviction and sentence to the Fifth Circuit Court of Appeals. On March 10, 2009, the Fifth Circuit affirmed the defendant's conviction and sentence. The defendant raised three issues on appeal: (1) whether the government shown beyond a reasonable doubt that the defendant solicited a 'lascivious exhibition" by requesting a sexy photograph from a putative minor in violation of 18 U.S.C. §2251; (2) whether a conversation in an instant messaging conversation with an individual who represents that she is in the same state, and the individual is in fact in the same state, does the communication carry with it a sufficient interstate component such that Congress could constitutionally criminalize the conversation; (3) whether a sentence of two hundred months constitutionally excessive for a seventy-two year old

man.

At trial, defendant was represented by Julian R. Murray, Jr., and Shawn M. Murray. Defendant was also represented in the District Court and on appeal by Michael S. Fawer.

**B.     Defendant's Contentions**

Defendant first argues that he is being held in violation of the Sixth Amendment, specifically, in violation of his Sixth Amendment right to effective assistance of counsel at his trial and at all other proceedings held in the district court, including sentencing.

In support of his motion, Defendant attached a report from Dr. Kevin Bianchini, a neuropsychologist, who examined the defendant in October 2009. Dr. Bianchini opined that the defendant suffers from a mental disease or defect which existed at the time of his offense, and throughout the duration of his prosecution, trial, conviction, and sentencing.

Defendant argues that all counsel for movant either knew or should have known of the existence of this mental disease or defect, as it was apparent from Dr. Davis' behavior and from his communication skills, or lack thereof. Defendant provides that his counsel failed to conduct any investigation into his mental state or status, although counsel had been put on notice of the existence of movant's mental disease or defect. Defendants submits that this failure to investigate a viable defense and mitigating factor violates movant's rights under the Sixth Amendment.

Defendant's second contention is that his Sixth Amendment right to effective assistance of counsel was also violated during trial and on appeal. Defendant argues that the district court erred in denying his motion to dismiss the indictment because §2251(a) is unconstitutional under the Commerce Clause. Defendant insists that his trial counsel knew, or should have known that

2

withdrawing the motion to declare §2251(a) unconstitutional under the Commerce Clause would constitute a waiver of the issue. Thus, counsel deprived Dr. Davis of his right to effective assistance of counsel at trial. Further, defendant argues, the withdrawal of the motion was done without a knowing and intelligent waiver on the part of the defendant, further denying his right to effective assistance of trial counsel.

Defendant maintains that co-cousnels/appellate counsel also knew or should have known that the issue of the constitutionality of §2251 could not be raised on appeal as it had been waived. Raising the issue deprived Dr. Davis of effective assistance of counsel on appeal.

C.   **Law and Analysis**

28 U.S.C. §2251(a) provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. §2251(b) provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,

the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

28 U.S.C. §2251(c) provides, "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

The defendant provides the opinion of a neuropsychologist, not a medical doctor, of his alleged cognitive defect/disorder in support of his Motion to Vacate. Dr. Bianchini opined that as a result of Dr. Davis' various medical problems, he suffers from neurocognitive impairments that are likely a reflection of cognitive decline and possibly something more significant, like the early manifestation of dementia. Dr. Bianchini also found that the defendant had impaired performances on constructional tasks, attention-concentration, and executive functions, areas that are associated with this type of impairment. Dr. Bianchini insists that impulsivity and poor judgment are associated with these conditions and some of this was observable during the evaluation of the defendant. Lastly, Dr. Bianchini observed that, given the defendant's history it is likely that these impairments were present during the period of time of the offenses.

Defendant's claim of ineffective assistance of counsel is baseless. Defendant has failed to provide any evidence that counsel should have known of his alleged "mental disease or defect." In the instant motion, Defendant did not provide the court with any specific instances or behavioral signs that would have indicated to trial counsel, appellate counsel, or even to the Court, that the defendant had a mental disease or defect. Also, the defendant has failed to provide the Court with any proof that Counsel was put on notice of his alleged mental disease. Dr. Bianchini does not specifically state that the defendant has a "mental disease." He merely states that the defendant is cognitively impaired and that impulsivity and poor judgment are

associated with this condition. Dr. Bianchini has failed to provide the Court with any authority to show that impulsivity and poor judgment are associated with cognitive decline. Given the defendant's age and medical history, it is obvious that a similar man in a similar position would experience some cognitive impairment. Additionally, Dr. Bianchini provides no explanation as to why these impairments would have been present during the period of time of the offenses.

Given the lack of evidence provided, the Court finds that the defendant's Sixth Amendment right to effective assistance of counsel has not been violated.

D.  **Conclusion**

For the reasons set forth above, the defendant's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 105] is hereby **DENIED**.

THUS DONE AND SIGNED this 28 day of April, 2010 at Lafayette, Louisiana.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA